Robert Drexler (SBN 119119)
Robert.Drexler@CapstoneLawyers.com
Molly DeSario (SBN 230763)
Molly.DeSario@CapstoneLawyers.com
Jonathan Lee (SBN 267146)
Jonathan.Lee@CapstoneLawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiff Rafal Paszek

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| RAFAL PASZEK, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KRAFT HEINZ FOODS COMPANY dba KRAFT HEINZ FOODS COMPANY (LLC), a Pennsylvania limited liability company; PRIMAL NUTRITION, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  37-2023-00037010-CU-OE-CTL<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>(1) Violation of California Labor Code §§ 226.7, 512(a), 516, and 1198 (Failure to Provide Meal Periods);<br>(2) Violation of California Labor Code §§ 226.7, 516, and 1198 (Failure to Authorize and Permit Rest Periods);<br>(3) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(4) Violation of California Labor Code §§ 1182.12, 1194, 1197  and 1198 (Unpaid Minimum Wages);<br>(5) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);<br>(6) Violation of California Labor Code § 204 (Failure to Timely Pay Wages During Employment);<br>(7) Violation of Labor Code § 1198 and California Code of Regulations, Title 8, Section 11010 Subdivision 5(A) (Failure to Provide Reporting Time Pay);<br>(8) Violation of California Labor Code § 2802 (Unreimbursed Business Expenses);<br>(9) Violation of California Business & Professions Code §§ 17200, *et seq.* (Unlawful Business Practices); and |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(10)    Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Business Practices)

**Jury Trial Demanded**

1   Plaintiff Rafal Paszek, individually and on behalf of all other members of the public

2   similarly situated, alleges as follows:

3   **JURISDICTION AND VENUE**

4   1.   This class action is brought pursuant to California Code of Civil Procedure

5   section 382.  The monetary damages, penalties, and restitution sought by Plaintiff exceed the

6   minimal jurisdiction limits of the Superior Court and will be established according to proof at

7   trial.  This Court has jurisdiction over this action pursuant to the California Constitution,

8   Article VI, section 10.  The statutes under which this action is brought do not specify any

9   other basis for jurisdiction.  Plaintiff's share of damages, penalties, and other relief sought in

10  this action does not exceed $75,000.

11  2.   This Court has jurisdiction over Defendants because Defendants are either

12  citizens of California, have sufficient minimum contacts in California, or otherwise

13  intentionally avail themselves of the California market so as to render the exercise of

14  jurisdiction over them by the California courts consistent with traditional notions of fair play

15  and substantial justice.

16  3.   Venue is proper in this Court because Defendants employ persons in this

17  county, and employed Plaintiff in this county, and thus a substantial portion of the transactions

18  and occurrences related to this action occurred in this county.

19  **THE PARTIES**

20  4.   Plaintiff Rafal Paszek is a resident of San Diego, in San Diego County,

21  California.  Defendants employed Plaintiff as an hourly paid, non-exempt employee from

22  approximately 2018 to April 2022.  Plaintiff worked as a Maintenance Technician at

23  Defendants' facility in San Diego, California.  During his employment, Plaintiff typically

24  worked nine (9) or more hours per day and five (5) or more days per week.  Plaintiff's primary

25  job duties included, without limitation, repair, replacement, and maintenance of electrical and

26  mechanical components of processing equipment.

27  5.   KRAFT HEINZ FOODS COMPANY dba KRAFT HEINZ FOODS

28  COMPANY (LLC) was and is, upon information and belief, a Pennsylvania limited liability

FIRST AMENDED CLASS ACTION COMPLAINT

company, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and the State of California.

6.    PRIMAL NUTRITION, LLC was and is, upon information and belief, a Delaware limited liability company, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and the State of California.

7.    Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

8.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 were the partners, agents, owners, or managers of KRAFT HEINZ FOODS COMPANY dba KRAFT HEINZ FOODS COMPANY (LLC) and PRIMAL NUTRITION, LLC at all relevant times.

9.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, KRAFT HEINZ FOODS COMPANY dba KRAFT HEINZ FOODS COMPANY (LLC); PRIMAL NUTRITION, LLC; and/or DOES 1 through 10 (collectively, "Defendants" or "KRAFT HEINZ"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

10.    At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

11.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

omissions, occurrences, and transactions alleged herein.

12.    Under California law, Defendants are jointly and severally liable as employers for the violations alleged herein because they have each exercised sufficient control over the wages, hours, working conditions, and employment status of Plaintiff and class members. Each Defendant had the power to hire and fire Plaintiff and class members, supervised and controlled their work schedule and/or conditions of employment, determined their rate of pay, and maintained their employment records. Defendants suffered or permitted Plaintiff and class members to work and/or "engaged" Plaintiff and class members so as to create a common-law employment relationship. As joint employers of Plaintiff and class members, Defendants are jointly and severally liable for the civil penalties and all other relief available to Plaintiff and class members under the law.

13.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, have acted as joint employers with respect to Plaintiff and class members because Defendants have:

(a)    jointly exercised meaningful control over the work performed by Plaintiff and class members;

(b)    jointly exercised meaningful control over Plaintiff's and class members' wages, hours, and working conditions, including the quantity, quality standards, speed, scheduling, and operative details of the tasks performed by Plaintiff and class members;

(c)    jointly required that Plaintiff and class members perform work which is an integral part of Defendants' businesses; and

(d)    jointly exercised control over Plaintiff and class members as a matter of economic reality in that Plaintiff and class members were dependent on Defendants, who shared the power to set the wages of Plaintiff and class members and determined their working conditions, and who jointly reaped the benefits from the underpayment of their wages and noncompliance with other statutory provisions governing their

FIRST AMENDED CLASS ACTION COMPLAINT

employment.

14.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times there has existed a unity of interest and ownership between Defendants such that any individuality and separateness between the entities has ceased.

15.    KRAFT HEINZ FOODS COMPANY dba KRAFT HEINZ FOODS COMPANY (LLC); PRIMAL NUTRITION, LLC; and DOES 1 through 10 are therefore alter egos of each other.

16.    Adherence to the fiction of the separate existence of Defendants would permit an abuse of the corporate privilege, and would promote injustice by protecting Defendants from liability for the wrongful acts committed by them under the name KRAFT HEINZ.

17.    Plaintiff further alleges, upon information and belief, that Defendants KRAFT HEINZ FOODS COMPANY dba KRAFT HEINZ FOODS COMPANY (LLC) and PRIMAL NUTRITION, LLC are alter egos of each other for the following reasons:

(a)    According to The Kraft Heinz Company's SEC Form 10-K filing for 2022[1], KRAFT HEINZ FOODS COMPANY dba KRAFT HEINZ FOODS COMPANY (LLC) and PRIMAL NUTRITION, LLC are subsidiaries of The Kraft Heinz Company;

(b)    On the California Secretary of State's website (https://bizfileonline.sos.ca.gov/), KRAFT HEINZ FOODS COMPANY dba KRAFT HEINZ FOODS COMPANY (LLC) and PRIMAL NUTRITION, LLC have the same principal and mailing address, which is "1 PPG PLACE, SUITE 3400, PITTSBURGH, PA 15222";

(c)    According to Statement of Information forms filed with the California Secretary of State, KRAFT HEINZ FOODS COMPANY is a manager/member of PRIMAL NUTRITION, LLC;

(d)    On the California Secretary of State's website, KRAFT HEINZ FOODS

---

[1] 10-K Annual Report 02/16/2023, "SEC Filings | The Kraft Heinz Company" https://ir.kraftheinzcompany.com/sec-filings (last accessed August 22, 2023).

COMPANY dba KRAFT HEINZ FOODS COMPANY (LLC) and PRIMAL NUTRITION, LLC share the same agent for service of process, C T CORPORATION SYSTEM; and

(e)     On information and belief, KRAFT HEINZ FOODS COMPANY dba KRAFT HEINZ FOODS COMPANY (LLC) and PRIMAL NUTRITION, LLC utilize the same standardized employment forms and issue the same employment policies.

### GENERAL ALLEGATIONS

18.    Defendants are one of the largest food and beverage companies in the world, with products produced and marketed in over 40 countries.  These products include condiments and sauces, cheese and other dairy, meals, meats, refreshment beverages, coffee, infant and nutrition products, and numerous other grocery products in a portfolio of more than 200 legacy and emerging brands.  Upon information and belief, Defendants maintain a single, centralized Human Resources ("HR") department at their company headquarters in Pittsburgh, Pennsylvania, which is responsible for the recruiting and hiring of new employees, and communicating and implementing Defendants' company-wide policies, including timekeeping policies and meal and rest period policies, to employees throughout California.

19.    In particular, Plaintiff and class members, on information and belief, received the same standardized documents and/or written policies.  Upon information and belief, the usage of standardized documents and/or written policies, including new-hire documents, indicate that Defendants dictated policies at the corporate level and implemented them company-wide, regardless of their employees' assigned locations or positions.  Upon information and belief, Defendants set forth uniform policies and procedures in several documents provided at an employee's time of hire.

20.    Upon information and belief, Defendants maintain a centralized Payroll department at their company headquarters in Pittsburgh, Pennsylvania, which processes payroll for all non-exempt, hourly paid employees working for Defendants at their various locations in California, including Plaintiff and class members.  Based upon information and

belief, Defendants issue the same formatted wage statements to all non-exempt, hourly paid employees in California, irrespective of their work locations.  Upon information and belief, Defendants process payroll for departing employees in the same manner throughout the State of California, regardless of the manner in which each employee's employment ends.

21.    Defendants continue to employ non-exempt or hourly paid employees in California.

22.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

23.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class members were not paid for all hours worked because all hours worked were not recorded.

24.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to meal periods in accordance with the California Labor Code and applicable Industrial Welfare Commission ("IWC") Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal periods and that Plaintiff and class members were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rates of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

25.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to rest periods in accordance with the California Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period and that Plaintiff and class members were not authorized and permitted to take compliant rest periods or provided with payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period.

26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

27.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to be paid at a regular rate of pay, and corresponding rates of pay for overtime wages and/or meal and rest period premiums, that included as eligible income all renumeration required by law, including but not limited to, all income derived from shift differential pay, incentive pay, nondiscretionary bonuses, and/or other forms of compensation, but failed to include all forms of remuneration in calculating the regular rate of pay for Plaintiff and class members.

28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for work that was required to be done off-the-clock.  In violation of the California Labor Code, Plaintiff and class members were not paid at least minimum wages for work done off-the-clock.

29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of all wages earned upon termination of employment.  In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages due, including, but not limited to, overtime wages, minimum wages, meal and rest period premiums, reporting time pay, and/or sick leave pay within permissible time periods.

30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of wages during their employment.  In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, meal and rest period premiums, reporting time pay, and/or sick leave pay, within permissible time periods.

FIRST AMENDED CLASS ACTION COMPLAINT

31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all reporting time pay when Plaintiff and class members were required to report to work but were put to work for less than half of their usual or scheduled shift.  In violation of the California Labor Code and applicable IWC Wage Order, Plaintiff and class members were not paid all reporting time pay.

32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment and that they did not receive full reimbursement of applicable business-related expenses and costs incurred.

33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive sick leave benefits to be paid at a regular rate of pay, that included, as eligible income, all income derived from shift differential pay, incentive pay, nondiscretionary bonuses, and/or other forms of compensation.  In violation of the California Labor Code, Defendants failed to include all forms of remuneration in calculating the regular rate of pay for sick leave pay.

34.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that Defendants had a duty to provide Plaintiff and class members with written notice of the material terms of their employment with Defendants as required by the California Wage Theft Prevention Act, but failed to do so.

35.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and class members for all hours worked, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and class members that they were properly denied wages, all in order to increase Defendants' profits.

//

1

## CLASS ACTION ALLEGATIONS

2    36.    Plaintiff brings this action on his own behalf, as well as on behalf of each and

3    all other persons similarly situated, and thus seeks class certification under California Code of

4    Civil Procedure section 382.

5    37.    All claims alleged herein arise under California law for which Plaintiff seeks

6    relief authorized by California law.

7    38.    Plaintiff's proposed class consists of and is defined as follows:

8        All persons who worked for Defendants as non-exempt, hourly
         paid employees in California, within four years prior to the filing
9        of the initial complaint until the date of trial ("Class").

10    39.    Members of the Class are referred to herein as "class members."

11    40.    Plaintiff reserves the right to redefine the Class and to add subclasses as

12    appropriate based on further investigation, discovery, and specific theories of liability.

13    41.    There are common questions of law and fact as to class members that

14    predominate over questions affecting only individual members, including, but not limited to:

15        (a)    Whether Defendants failed to provide Plaintiff and class members with

16            meal periods;

17        (b)    Whether Defendants failed to authorize and permit Plaintiff and class

18            members to take rest periods;

19        (c)    Whether Defendants required Plaintiff and class members to work over

20            eight (8) hours per day, over twelve (12) hours per day, or over forty

21            (40) hours per week and failed to pay all legally required overtime

22            compensation to Plaintiff and class members;

23        (d)    Whether Defendants failed to include all forms of remuneration in the

24            regular rate of pay as required by law for purposes of paying overtime

25            wages and/or meal and rest period premiums to Plaintiff and class

26            members;

27        (e)    Whether Defendants failed to pay Plaintiff and class members at least

28            minimum wages for all hours worked;

FIRST AMENDED CLASS ACTION COMPLAINT

(f)  Whether Defendants failed to pay earned overtime wages, minimum wages, meal and rest period premiums, reporting time pay, and/or sick leave pay, due to Plaintiff and class members upon their discharge;

(g)  Whether Defendants failed timely to pay overtime wages, minimum wages, meal and rest period premiums, reporting time pay, and/or sick leave pay, due to Plaintiff and class members during their employment;

(h)  Whether Defendants required Plaintiff and class members to report to work, but failed to provide them with work or provided them with less than half their usual or scheduled day's work, without properly compensating them as required by California Code of Regulations, Title 8, section 11010(5);

(i)  Whether Defendants failed to reimburse Plaintiff and class members for necessary and required business-related expenditures and/or losses incurred by them in the scope of their employment;

(j)  Whether Defendants failed to properly calculate the regular rate of pay upon which Plaintiff's and class members' sick leave rate of pay was based;

(k)  Whether Defendants failed to provide written notice of information material to Plaintiff's and class members' employment with Defendants;

(l)  Whether Defendants engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(m)  The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

42.  There is a well-defined community of interest in the litigation and the class members are readily ascertainable:

(a)  <u>Numerosity</u>:  The class members are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the

Page 10

entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)    <u>Typicality</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members as demonstrated herein.

(c)    <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)    <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e)    <u>Public Policy Considerations</u>:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect

retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

**FIRST CAUSE OF ACTION**

**Violations of California Labor Code §§ 226.7, 512(a), 516, and 1198—Meal Period Violations**

**(Against all Defendants)**

43.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

44.    At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.  Under California law, first meal periods must start after no more than five hours.  *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (2012).

45.    At all relevant times herein set forth, California Labor Code sections 226.7, 512(a), 516, and 1198 provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

46.    At all relevant times herein set forth, Labor Code sections 226.7 and 512(a), and the applicable IWC Wage Order also require employers to provide a second meal period of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not

1  waived.

2      47.    First, during the relevant time period, Defendants had, and continue to have, a

3  company-wide policy and/or practice of understaffing their facilities while assigning heavy

4  workloads, resulting in a failure to provide Plaintiff and class members with adequate meal

5  period coverage.  As a result of this lack of meal period coverage, Plaintiff and class members

6  were not always afforded timely, uninterrupted 30-minute meal periods during shifts when

7  they were entitled to receive a meal period.  Additionally, Defendants, on a company-wide

8  basis, had a practice of failing to schedule meal periods, which further caused Plaintiff and

9  class members to not be relieved of their duties for compliant meal periods.

10      48.    As a result, Plaintiff and class members had to work through all or part of their

11  meal periods, had their meal periods interrupted, and/or had to wait extended periods of time

12  before taking meal periods.  For example, the maintenance team was sometimes thinly staffed

13  by two (2) technicians who were expected to attend to all maintenance and repair issues in the

14  facility.  Thus, Plaintiff had to work through his meal periods, take his meal periods late, or

15  have his meal periods interrupted to keep up with the demands of work and complete his

16  assigned duties.

17      49.    Second, because Defendants frowned upon employees accruing meal period

18  penalties, Defendants' management pressured employees, upon threat of discipline, to record

19  compliant meal periods on their timesheets to reflect compliant meal periods, regardless of

20  whether they had received a compliant meal period or not, in order to strictly limit meal

21  penalties that would need to be paid by Defendants.

22      50.    Third, during the relevant time period, Defendants maintained and implemented

23  a company-wide on-premises meal period policy, which effectively required Plaintiff and

24  class members remain on the work premises during their meal periods.  Because Plaintiff and

25  class members were restricted from leaving the premises during meal periods, they were

26  denied the ability to use their meal periods freely for their own purposes, such as running

27  personal errands.  Thus, Defendants effectively maintained control over Plaintiff and class

28  members during meal periods.

FIRST AMENDED CLASS ACTION COMPLAINT

51.   Fourth, Defendants had, and continue to have, a company-wide practice or policy of requiring that Plaintiff and class members carry and respond to a company-issued radio at all times.  As a result, Defendants' management contacted Plaintiff and class members on their company-issued radios during meal periods to discuss work-related matters.  For example, Plaintiff would have his meal periods interrupted via radio to discuss maintenance-related issues with Defendants' managers and production staff.  If the issue required immediate attention, Plaintiff would have to cut his meal period short to attend to the repairs.  Plaintiff and class members did not sign valid meal period waivers on days that they were entitled to meal periods and were not relieved of all duties.

52.   At all times herein mentioned, Defendants knew or should have known that, as a result of these policies, Plaintiff and class members were prevented from being relieved of all duties and required to perform some of their assigned duties during meal periods.  Defendants further knew or should have known that Defendants did not pay Plaintiff and class members meal period premiums when meal periods were late, interrupted, shortened, and/or missed.

53.   Moreover, Defendants engaged in a company-wide practice and/or policy of not paying all meal period premiums owed when compliant meal periods are not provided.  Because of this practice and/or policy, Plaintiff and class members have not received premium pay for missed, late, and interrupted meal periods.  Alternatively, to the extent that Defendants did pay Plaintiff and class members premium pay for missed, late, and interrupted meal periods, Defendants did not pay Plaintiff and class members at the correct rate of pay for premiums because Defendants systematically failed to include all forms of compensation, such as shift differential pay, incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay.  Therefore, during times when Plaintiff and class members received meal period premiums and these other forms of pay, Defendants to pay full meal period premiums by paying a lower rate than required.

54.   For example, Defendants paid Plaintiff and class members shift differential pay, incentive pay, and/or nondiscretionary bonuses.  During pay periods that Plaintiff and

class members were paid meal period premiums, Defendants did not incorporate the shift differential pay, incentive pay, and/or nondiscretionary bonuses into Plaintiff's and class members' regular rate of pay and, as a result, paid them at incorrect and lower rates of pay for meal period premiums.  Specifically, Defendants paid Plaintiff and class members meal period premiums at their straight hourly rate of pay instead of at their regular rate of pay.  As a result, Defendants failed to provide Plaintiff and class members compliant meal periods in violation of California Labor Code sections 226.7, 512(a), and 516 and failed to pay the full meal period premiums due.

55.    Defendants' conduct violates the applicable IWC Wage Order, and California Labor Code sections 226.7, 512(a), 516, and 1198.  Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

### SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 226.7, 516, and 1198—Rest Period Violations

### (Against all Defendants)

56.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

57.    At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198 were applicable to Plaintiff's and class members' employment by Defendants.

58.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

59.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable

order of the California IWC.  To comply with its obligation to authorize and permit rest periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties—including the obligation that an employee remain on call.  A rest period, in short, must be a period of rest."  *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 273 (2016).  Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at their regular rates of pay for each work day that a required rest period was not authorized and permitted.

60.     During the relevant time period, Defendants regularly failed to authorize and permit Plaintiff and class members to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof.  As with meal periods, Defendants' company-wide practices of understaffing and assigning heavy workloads resulted in a lack of rest period coverage and prevented Plaintiff and class members from being relieved of all duty in order to take compliant rest periods.  Defendants also failed to schedule timely rest periods, which, coupled with Defendants' failure to provide adequate rest period coverage, further led to Plaintiff and class members not being authorized and permitted to take compliant rest periods.  In addition, as with meal periods, Defendants' company-wide practice of requiring that Plaintiff and class members carry a company-issued radio to respond to questions and repair requests prevented Plaintiff and class members from being able to take rest periods.

61.     Furthermore, during the relevant time period, Defendants maintained and implemented a company-wide on-premises rest period policy, which mandated that Plaintiff and class members remain on the work premises during their rest periods.  Because Plaintiff and class members were restricted from leaving the premises during rest periods, they were denied the ability to use their rest periods freely for their own purposes, such as running personal errands.  Thus, Defendants effectively maintained control over Plaintiff and class members during rest periods.

62.     As a result of Defendants' practices and policies, Plaintiff and class members

worked shifts in excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without receiving all uninterrupted 10-minute rest periods to which they were entitled.  For example, Plaintiff's rest periods were interrupted by management and co-workers reaching out via radio to discuss work-related matters.

63.    Defendants have also engaged in a company-wide practice and/or policy of not paying rest period premiums owed when compliant rest periods are not authorized and permitted.  Because of this practice and/or policy, Plaintiff and class members have not received premium pay for all missed rest periods.  Alternatively, to the extent that Defendants did pay Plaintiff and class members one (1) additional hour of premium pay for missed rest periods, Defendants did not pay Plaintiff and class members at the correct rate of pay for premiums because Defendants failed to include all forms of compensation, such as shift differential pay, incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay.

64.    Defendants' conduct violates the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198.  Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period was not authorized and permitted.

## THIRD CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime

### (Against all Defendants)

65.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

66.    Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable IWC Wage Order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

67.    California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

68.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1 ½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

69.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.  An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including nondiscretionary bonuses and incentive pay.

70.    California Labor Code section 510 codifies the right to overtime compensation at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh (7th) day of work, and to overtime compensation at twice the employee's regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh (7th) day of work.

71.    During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff and class members.  During the relevant time period, Plaintiff and class members were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours worked were not recorded.

72.    First, as set forth above, Defendants' company-wide policy and/or practice of understaffing their facilities while assigning heavy workloads has resulted in a lack of meal period coverage and prevented Plaintiff and class members from taking all uninterrupted 30-

minute meal periods to which they were entitled.  Moreover, as also stated, Defendants had a practice of failing to schedule meal periods, which further caused Plaintiff and class members to not be relieved of their duties for compliant meal periods.  Consequently, Plaintiff and class members were required to work through and/or had their unpaid meal periods interrupted in order to complete their assigned duties, time for which they were not paid.

73.    Second, as stated, during the relevant time period, because Defendants frowned upon employees accruing meal period penalties, Defendants pressured Plaintiff and class members, upon threat of discipline, to clock out for meal periods so that their time records would reflect compliant meal periods, even when they did not receive a compliant meal period.  Thus, Defendants did not record all hours worked during meal periods, and Plaintiff and class members performed work for which they were not paid.

74.    Third, as stated, Defendants maintained and implemented a company-wide on-premises meal period policy, which effectively required Plaintiff and class members to remain on the work premises during their meal periods.  Because Plaintiff and class members were restricted from leaving the premises during meal periods, they were denied the ability to use their meal periods freely for their own purposes, such as running personal errands.  Moreover, Defendants required that Plaintiff and class members carry and respond to a company-issued radio at all times, including during meal periods.  Thus, Defendants effectively maintained control over Plaintiff and class members during unpaid meal periods.  Defendants knew or should have known that Plaintiff and class members were performing work while off-the-clock in order to meet Defendants' expectations, but failed to compensate them for this time.

75.    Defendants knew or should have known that as a result of these company-wide practices and/or policies, Plaintiff and class members were performing their assigned duties off-the-clock, and were suffered or permitted to perform work for which they were not paid.  Because Plaintiff and class members worked shifts of eight (8) hours or more a day, or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay.  Therefore, Plaintiff and class members were not paid overtime wages for all of the overtime hours they actually worked.

FIRST AMENDED CLASS ACTION COMPLAINT

76.     Furthermore, Defendants did not pay Plaintiff and class members the correct overtime rate for the recorded overtime hours that they generated.  As set forth above, in addition to an hourly wage, Defendants paid Plaintiff and class members shift differential pay, incentive pay, nondiscretionary bonuses, and/or other forms of remuneration.  However, in violation of the California Labor Code, Defendants failed to incorporate all compensation, including shift differential pay, incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate.  Therefore, during times when Plaintiff and class members worked overtime and received these other forms of pay, Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

77.     For example, Defendants paid Plaintiff and class members incentive pay and/or nondiscretionary bonuses.  During pay periods that Plaintiff and class members were paid overtime wages, Defendants did not incorporate the incentive pay and/or nondiscretionary bonuses into Plaintiff's and class members' regular rate of pay and, as a result, paid them at incorrect and lower rates of pay for overtime hours worked.  Specifically, Defendants paid Plaintiff and class members 1.5 times their hourly rate of pay instead of 1.5 times their regular rate of pay.  Defendants' failure to properly calculate the overtime rates of pay based on all remuneration paid has resulted in an underpayment of overtime wages to Plaintiff and class members on a company-wide basis.

78.     Defendants' failure to pay Plaintiff and class members the balance of overtime compensation as required by California law, violates the provisions of California Labor Code sections 510 and 1198.  Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover from Defendants their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

//

//

//

//

## FOURTH CAUSE OF ACTION

**Violation of California Labor Code §§ 1182.12, 1194, 1197  and 1198—Unpaid Minimum**

**Wages**

**(Against all Defendants)**

79.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

80.     At all relevant times, California Labor Code sections 1182.12, 1194, 1197, and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.  Compensable work time is defined in IWC Wage Order No. 1-2001 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."  Cal. Code Regs. tit. 8, § 11010(2)(G) (defining "Hours Worked").

81.     As set forth above, due to Defendants' policies and/or practices of understaffing, assigning heavy workloads, failing to schedule meal periods, requiring employees to carry and use their company-issued radio for work-related tasks during unpaid meal periods, and effectively requiring employees to stay on the work premises during meal periods, Plaintiff and class members were impeded from taking all uninterrupted meal periods to which they were entitled and were required to work off-the-clock during meal periods, have their meal periods interrupted, and/or were otherwise not relieved of all duties during unpaid meal periods.  Moreover, as stated, during the relevant time period, because Defendants frowned upon employees accruing meal period penalties, Defendants pressured Plaintiff and class members to clock out for meal periods so that their time records would reflect compliant meal periods, even when they did not receive a compliant meal period.  Thus, Defendants systematically failed to pay Plaintiff and class members for actual hours worked during meal periods because these hours were not correctly recorded.

82.     Defendants did not pay minimum wages for all hours worked by Plaintiff and class members.  To the extent that these off-the-clock hours did not qualify for overtime

premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197 and 1198.

83.     Defendants' failure to pay Plaintiff and class members minimum wages violates California Labor Code sections 1182.12, 1194, 1197 and 1198.  Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover from Defendants liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202—Wages Not Timely Paid Upon Termination**

**(Against all Defendants)**

84.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

85.     At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

86.     On information and belief, Defendants have a company-wide practice or policy of paying departing employees their final wages on the next regular pay cycle, instead of adhering to the time requirements set forth in Labor Code sections 201 and 202.  For example, Plaintiff gave Defendants at least two (2) weeks' notice of his intention to quit on April 29, 2022; however, he did not receive his final pay until several weeks after April 29, 2022.  Thus, Defendants failed to pay Plaintiff his final wages within the requisite time limit, in violation of California Labor Code section 202.

87.     In addition, Defendants willfully failed to pay Plaintiff and class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including

but not limited to, overtime wages, minimum wages, meal and rest period premiums, reporting time pay, and/or sick leave pay, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

88.    Defendants' failure to pay Plaintiff and class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201 and 202.  Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION

**Violation of California Labor Code § 204—Failure to Timely Pay Wages During Employment**

**(Against all Defendants)**

89.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

90.    This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, meal and rest period premiums, reporting time pay, and/or sick leave pay that were not timely paid to Plaintiff and class members during their employment.

91.    At all times relevant herein set forth, Labor Code section 204 provides that all wages earned by any person in any employment between the first (1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor was performed.  Labor Code section 204 further provides that all wages earned by any person in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first (1st) and the tenth (10th) day of the following month.

92.    At all times relevant herein, Labor Code section 204 provides that all wages

earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  Alternatively, at all times relevant herein, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

93.    During the relevant time period, Defendants willfully failed to pay Plaintiff and class members all wages due including, but not limited to, overtime wages, minimum wages, meal and rest period premiums, reporting time pay, and/or sick leave pay within the time periods specified by California Labor Code section 204.

94.    Defendants' failure to pay Plaintiff and class members all wages due violates Labor Code section 204.  Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages pursuant to California Labor Code section 210.

### SEVENTH CAUSE OF ACTION

### Violation of Labor Code § 1198 and California Code of Regulations Title 8, Section 11010 Subdivision 5(A)—Failure to Provide Reporting Time Pay

### (Against all Defendants)

95.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

96.    California Labor Code section 1198 dictates that no employer may employ an employee under conditions of labor that are prohibited by the applicable IWC Wage Order. California Labor Code section 1198 further requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

97.    The applicable IWC Wage Order, California Code of Regulations, Title 8, section 11010(5)(A), provides that "[e]ach workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled

day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."  The "primary purpose of the reporting time regulation" is "to guarantee at least partial compensation for employees who report to work expecting to work a specified number of hours, and who are deprived of that amount because of inadequate scheduling or lack of proper notice by the employer."  *Aleman v. AirTouch Cellular*, 209 Cal. App. 4th 556 (2012).

98.    During the relevant time period, Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11010(5)(A), because Defendants failed to pay Plaintiff and class members reporting time pay when they reported to work for their usual or scheduled shift but were put to work for less than half of their usual or scheduled day's work.

99.    Defendants had a company-wide practice of sending Plaintiff and class members home early from their shifts, including before they had worked at least half of their usual or scheduled shift, but would not pay Plaintiff and class members for half of their scheduled shift.  For example, Defendants' managers sent Plaintiff home before half of his scheduled shift was over, but on information and belief, Plaintiff was only paid for the time he had worked.  Although Plaintiff and class members reported to work based on the schedule that was provided to them, Defendants would send them home before they worked at least half of their usual or scheduled shifts.  When this occurred, Defendants did not pay Plaintiff and class members for at least half of their scheduled day's work or the minimum reporting time pay.

100.    Accordingly, Plaintiff and class members were not properly compensated with reporting time pay in violation of California Labor Code section 1198 and California Code of Regulations, Title 8, section 11010(5)(A).  Plaintiff and class members are therefore entitled to recover from Defendants unpaid wages and interest.

//

### EIGHTH CAUSE OF ACTION

### Violation of California Labor Code § 2802—Unpaid Business-Related Expenses

**(Against all Defendants)**

101.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

102.    At all times herein set forth, California Labor Code section 2802 provides that an employer must reimburse employees for all necessary expenditures and losses incurred by the employee in the performance of his or her job.  The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees.  *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014).  The applicable wage order, IWC Wage Order No. 1-2001, provides that: "[w]hen tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

103.    During the relevant time period, Defendants had a company-wide policy of requiring Plaintiff and class members to utilize their own personal mobile devices, including cellular phones, to carry out their job duties, but Defendants failed to reimburse them for the costs of their work-related mobile device expenses.  For example, Plaintiff and class members were required to use their personal mobile devices to communicate with management via phone calls and/or text messages regarding maintenance and repair issues.  As a further example, Plaintiff was required to take and send pictures of maintenance issues to coworkers to update them on the status of repairs.  Although Defendants required Plaintiff and class members to utilize their personal mobile devices to carry out their work-related responsibilities, Defendants failed to reimburse them for these costs.

104.    Defendants could have provided Plaintiff and class members with the actual equipment for use on the job, such as company mobile devices, or Defendants could have reimbursed employees for the costs of their mobile device usage.  Instead, Defendants passed these operating costs off onto Plaintiff and class members.  At all relevant times, Plaintiff did

1    not earn at least two (2) times the minimum wage.

2        105.    Defendants' company-wide policy and/or practice of passing on their operating

3    costs to Plaintiff and class members violates California Labor Code section 2802.  Defendants

4    have intentionally and willfully failed to reimburse Plaintiff and class members for necessary

5    business-related expenses and costs.

6        106.    Plaintiff and class members are entitled to recover from Defendants their

7    business-related expenses incurred during the course and scope of their employment, plus

8    interest.

9                        **NINTH CAUSE OF ACTION**

10    **Violation of California Business & Professions Code §§ 17200, *et seq.* –**

11                    **Unlawful Business Practices**

12                        **(Against all Defendants)**

13        107.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

14    and every allegation set forth above.

15        108.    Defendants are "persons" as defined by California Business & Professions

16    Code section 17201, as they are corporations, firms, partnerships, joint stock companies,

17    and/or associations.

18        109.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

19    unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiff has

20    suffered injury in fact and has lost money as a result of Defendants' unlawful business

21    practices.  Plaintiff seeks to enforce important rights affecting the public interest within the

22    meaning of Code of Civil Procedure section 1021.5.

23        110.    Defendants' activities, as alleged herein, are violations of California law, and

24    constitute unlawful business acts and practices in violation of California Business &

25    Professions Code sections 17200, *et seq.*

26        111.    A violation of California Business & Professions Code sections 17200, *et seq.*

27    may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

28    policies and practices have violated state law in at least the following respects:

(a)     Failing to provide all meal periods to Plaintiff and class members in violation of California Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(b)     Failing to authorize and permit Plaintiff and class members to take all rest periods in violation of California Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(c)     Requiring non-exempt, hourly paid employees, including Plaintiff and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198, and the applicable IWC Wage Order, as alleged herein;

(d)     Failing to include all forms of remuneration in the regular rate of pay as required by law for purposes of paying overtime wages and/or meal and rest period premiums to Plaintiff and class members, in violation of California Labor Code sections 226.7, 510, and 1198, and the applicable IWC Wage Order, as alleged herein;

(e)     Failing to pay at least minimum wage to Plaintiff and class members in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order, as alleged herein;

(f)     Failing timely to pay all earned wages to Plaintiff and class members in violation of California Labor Code section 204, as alleged herein;

(g)     Failing to properly calculate the sick leave paid to Plaintiff and class members in violation of California Labor Code sections 246(l) and 248.6(b)(3)(A), as set forth below;

(h)     Failing to pay reporting time pay in violation of California Labor Code section 1198 and the applicable IWC Wage Order, as alleged herein;

(i)     Failing to reimburse Plaintiff and class members for all business expenses necessarily incurred in violation of California Labor Code

section 2802, as alleged herein; and

(j)   Failing to provide written notice of information material to Plaintiff's and class members' employment with Defendants in violation of California Labor Code section 2810.5(a)(1)(A)-(C), as set forth below.

112.   At all relevant times herein, California Labor Code sections 245.5, 246, 246.5, 247, 247.5, 248.5, and 249 provide employees who have worked in California for 30 or more days from the commencement of employment with paid sick days, to be accrued at least one hour for every 30 hours worked.  Labor Code section 246(l) provides that an employer shall calculate paid sick leave by using one of two calculations: 1) "[p]aid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek[;]" or 2) "[p]aid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment."

113.   At all relevant times herein, California Labor Code section 248.6 provides covered employees with COVID-19 supplemental paid sick leave.  Labor Code section 248.6(b)(3)(A), provides each hour of COVID-19 supplemental paid sick leave shall be compensated at a rate equal to the following: 1) "[c]alculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek[;]" or 2) "[c]alculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total nonovertime hours worked in the full pay periods occurring within the prior 90 days of employment; provided that, for nonexempt employees paid by piece rate, commission or other method that uses all hours to determine the regular rate of pay, total wages, not including overtime premium pay, shall be divided by all hours, to determine the correct amount of COVID-19 supplemental paid sick leave under this subdivision."

114.   During the relevant time period, Defendants did not pay Plaintiff and class

members the correct sick leave rates of pay. As set forth above, in addition to an hourly wage, Defendants paid Plaintiff and class members shift differential pay, incentive pay, nondiscretionary bonuses, and/or other forms of remuneration. However, in violation of the California Labor Code, Defendants failed to incorporate all remunerations, including shift differential pay, incentive pay, and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating the sick leave rate. Therefore, during times when Plaintiff and class members took sick leave and received these other forms of pay, Defendants failed to pay all sick leave benefits by paying a lower sick leave rate than required. Specifically, Defendants paid Plaintiff and class members sick leave based on their hourly rate of pay instead of their regular rate of pay. Defendants' failure to properly calculate the sick leave rates of pay based on all remuneration paid has resulted in an underpayment of sick leave benefits to Plaintiff and class members on a company-wide basis in violation of California Labor Code sections 246(l) and 248.6(b)(3)(A).

115.    At all relevant times herein, California's Wage Theft Prevention Act was enacted to ensure that employers provide employees with basic information material to their employment relationship at the time of hiring, and to ensure that employees are given written and timely notice of any changes to basic information material to their employment. Codified at California Labor Code section 2810.5, the Wage Theft Prevention Act provides that at the time of hiring, an employer must provide written notice to employees containing basic and material payroll information, including, among other things, the rate(s) of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, the regular payday designated by the employer, and any allowances claims as part of the minimum wage, including meal or lodging allowances. Labor Code § 2810.5(a)(1)(A)-(C).

116.    At all relevant times, on information and belief, Defendants failed, on a company-wide basis, to provide written notice to Plaintiff and class members that lists the requisite information set forth in Labor Code section 2810.5(a)(1)(A)-(C). Defendants' failure to provide Plaintiff and class members with written notice of basic information regarding their

employment with Defendants is in violation of California Labor Code section 2810.5.

117.    As a result of the violations of California law herein described, Defendants unlawfully gained an unfair advantage over other businesses.  Plaintiff and class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

118.    Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of the initial complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## TENTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, *et seq.* –

### Unfair Business Practices

### (Against all Defendants)

119.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

120.    Defendants are "persons" as defined by California Business & Professions Code section 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

121.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiff, class members, and to the general public.  Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unfair business practices.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

122.    Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiff and class members all meal and rest period premiums due to them under Labor Code section 226.7, deprived Plaintiff and class members of the

compensation guarantee and enhanced enforcement implemented by section 226.7.  The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct." *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015).  The statutory benefits of section 226.7 were guaranteed to Plaintiff and class members as part of their employment with Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200, *et seq.*  (*Id.*) Moreover, there is an inadequate remedy at law, in that the damages claims under the California Labor Code are limited to a claims period of three years from the filing of the initial complaint whereas the restitution claim under California Business and thus Professions Code section 17200, *et seq.* is the only means by which employees may recover damages for claims in the fourth year back from the filing of the initial complaint.

123.    A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on any unfair business practice.  In the instant case, Defendants' policies and practices have violated the spirit of California's meal and rest period laws and constitute acts against the public policy behind these laws.

124.    Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory benefits implemented by section 226.7 withheld and retained by Defendants during a period that commences four years prior to the filing of the initial complaint; a permanent injunction requiring Defendants to pay all statutory benefits implemented by section 226.7 due to Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

**REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury.

//

**PRAYER FOR RELIEF**

Plaintiff, on behalf of all others similarly situated, prays for relief and judgment

against Defendants, jointly and severally, as follows:

1.    For damages, unpaid wages, penalties, and attorneys' fees in excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs.  Plaintiff reserves the right to amend his prayer for relief to seek a different amount.

**Class Certification**

2.    That this case be certified as a class action;

3.    That Plaintiff be appointed as the representative of the Class;

4.    That counsel for Plaintiff be appointed as class counsel.

**As to the First Cause of Action**

5.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order by willfully failing to provide all meal periods to Plaintiff and class members;

6.    That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a meal period was not provided;

7.    For all actual, consequential, and incidental losses and damages, according to proof;

8.    For premiums pursuant to California Labor Code section 226.7(c);

9.    For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due, or as otherwise provided by law;

10.    For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

11.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

12.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order by willfully failing to authorize and permit Plaintiff and class members to take all rest periods;

13.    That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a rest period was not authorized and permitted;

14.    For all actual, consequential, and incidental losses and damages, according to proof;

15.    For premiums pursuant to California Labor Code section 226.7(c);

16.    For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due, or as otherwise provided by law;

17.    For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

18.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

19.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198, and the applicable IWC Wage Order by willfully failing to pay all overtime wages due to Plaintiff and class members;

20.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

21.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due, or as otherwise provided by law;

22.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

23.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

24.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1182.12, 1194, 1197 and 1198, and the applicable IWC Wage Order by willfully failing to pay minimum wages to Plaintiff and class members;

25.    For general unpaid wages and such general and special damages as may be appropriate;

26.    For pre-judgment interest on any unpaid compensation from the date such amounts were due, or as otherwise provided by law;

27.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.    For liquidated damages pursuant to California Labor Code section 1194.2; and

29.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fifth Cause of Action**

30.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201 and 202 by willfully failing to pay overtime wages, minimum wages, meal and rest period premiums, reporting time pay, and/or sick leave pay owed at the time of termination of the employment of Plaintiff and other terminated class members;

31.    For all actual, consequential and incidental losses and damages, according to proof;

32.    For waiting time penalties according to proof pursuant to California Labor Code section 203 for all employees who have left Defendants' employ;

33.    For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law;

34.    For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

35.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Sixth Cause of Action**

36.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to timely pay Plaintiff and class members overtime wages, minimum wages, meal and rest period premiums, reporting time pay, and/or

sick leave pay during their employment;

37.    For all actual, consequential and incidental losses and damages, according to proof;

38.    For statutory penalties according to proof pursuant to California Labor Code section 210;

39.    For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law;

40.    For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

41.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Seventh Cause of Action

42.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11010(5)(A) by failing to provide Plaintiff and class members with reporting time pay;

43.    For all actual, consequential and incidental losses and damages, according to proof;

44.    For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law; and

45.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Eighth Cause of Action

46.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-related expenses and costs incurred by Plaintiff and class members;

47.    For unpaid business-related expenses and such general and special damages as may be appropriate;

48.    For pre-judgment interest on any unpaid business-related expenses from the

1    date such amounts were due, or as otherwise provided by law;

2        49.    For all actual, consequential, and incidental losses and damages, according to

3    proof;

4        50.    For attorneys' fees and costs pursuant to California Labor Code section

5    2802(c), or as otherwise provided by law; and

6        51.    For such other and further relief as the Court may deem equitable and

7    appropriate.

8                    **As to the Ninth Cause of Action**

9        52.    That the Court declare, adjudge and decree that Defendants' conduct of failing

10    to provide Plaintiff and class members all meal periods, failing to authorize and permit

11    Plaintiff and class members to take all rest periods, failing to provide Plaintiff and class

12    members all overtime wages due to them, failing to include all forms of remuneration in the

13    regular rate of pay for purposes of paying overtime wages and/or meal and rest period

14    premiums to Plaintiff and class members, failing to provide Plaintiff and class members all

15    minimum wages due to them, failing to timely pay Plaintiff and class members all earned

16    wages during employment, failing to properly calculate Plaintiff's and class members' sick

17    leave rates of pay, failing to pay Plaintiff and class members reporting time pay, failing to

18    reimburse Plaintiff and class members for business-related expenses, and failing to provide

19    written notice of material terms of employment, constitutes an unlawful business practice in

20    violation of California Business and Professions Code sections 17200, *et seq.*;

21        53.    For restitution of unpaid wages to Plaintiff and all class members and

22    prejudgment interest from the day such amounts were due and payable;

23        54.    For the appointment of a receiver to receive, manage, and distribute any and all

24    funds disgorged from Defendants and determined to have been wrongfully acquired by

25    Defendants as a result of violations of California Business & Professions Code sections

26    17200, *et seq.*;

27        55.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

28    California Code of Civil Procedure section 1021.5; and

56.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Tenth Cause of Action**

57.    That the Court declare, adjudge and decree that there is an inadequate remedy at law, in that the damages claims under the California Labor Code are limited to a claims period of three years from the filing of the initial complaint whereas the restitution claim under California Business and Professions Code section 17200, *et seq.* is the only means by which employees may recover damages for claims in the fourth year back from the filing of the initial complaint. As such, Defendants' conduct of denying Plaintiff and class members the statutory benefits guaranteed under section 226.7 constitutes an unfair business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

58.    For restitution of the statutory benefits under section 226.7 unfairly withheld from Plaintiff and class members and prejudgment interest from the day such amounts were due and payable;

59.    For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

60.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

61.    For pre-judgment and post-judgment interest as provided by law; and

62.    For such other and further relief as the Court may deem equitable and appropriate.

///

///

///

///

///

Dated: November 15, 2023,                    Respectfully submitted,

Capstone Law APC


By:  */s/ Jonathan Lee*
_____
Robert Drexler
Molly DeSario
Jonathan Lee

Attorneys for Plaintiff Rafal Paszek